UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY L ALFORD,<br>　　　　　Petitioner,<br>　　v.<br>J. GASTELO, Warden,<br>　　　　　Respondent. | Case No. 18-cv-04132-KAW (PR)<br><br>**ORDER OF TRANSFER** |

Ricky L. Alford, a state prisoner incarcerated at the California Men's Colony in San Luis Obispo, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. However, the allegations in the petition appear to be attempting to state civil rights claims. Whether this filing is considered to be a habeas petition or a civil rights complaint, it must be transferred to the Central District of California.

A federal petition for a writ of habeas corpus made by a person in custody under the judgment and sentence of a state court is properly filed in either the district of confinement or the district of conviction. 28 U.S.C. § 2241(d). The district court where the petition is filed may transfer the petition to the proper district in the furtherance of justice. *Id*. Federal courts in California traditionally have chosen to hear petitions challenging a conviction or sentence in the district of conviction. *Dannenberg v. Ingle*, 831 F. Supp. 767, 767 (N.D. Cal. 1993). Alford was convicted in the Los Angeles County Superior Court, which lies within the venue of the Central District of California. 28 U.S.C. § 84(b). Thus, the proper venue for the habeas petition lies in the Central District, not in this district.

If this filing is construed as a civil rights complaint, the acts alleged occurred in San Luis Obispo County, where Alford is confined. When jurisdiction is not founded solely on diversity, venue is proper in the district in which (1) any defendant resides, if all of the defendants reside in

the same State, (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b). Because the alleged unconstitutional acts occurred in San Luis Obispo, which is in the Central District of California, venue properly lies in the Central District. *See* 28 U.S.C. § 1391(b).

Accordingly, whether this case is a habeas petition or a civil rights action, it must be transferred to the United States District Court for the Central District of California. The Clerk of the Court shall terminate any pending motions and transfer the case forthwith.

IT IS SO ORDERED.

Dated: 7/18/18

KANDIS A. WESTMORE
United States Magistrate Judge